### HENRY A. ANTHONY & another *vs.* EDMUND ANTHONY

A pound-keeper may lawfully impound beasts which have been distrained *damage feasant* in a yard furnished and used by the town as a town pound, if the town have furnished and used no other place as a pound, although the inhabitants of the town have passed no vote concerning the same, and taken no action at any town meeting for the purpose of establishing it as a pound.

HOAR, J. This is an action of replevin against a pound-keeper for a colt belonging to the plaintiffs, which had been distrained *damage feasant*, and committed to the defendant's custody. As was held in *Folger v. Hinckley*, 5 Cush. 263, a pound-keeper is not answerable for the illegality of the distress, or for any failure of duty on the part of the person distraining, if beasts are committed to him to be impounded for an alleged cause which would render the distress lawful. But the plaintiffs

contend that the defendant is only authorized to impound such beasts in the town pound; and that the place in which he confined the colt was not a town pound, within the meaning of the statute.

It appears by the facts agreed that the colt was impounded " in a yard furnished and used by the town of Adams as a town pound; " that no vote was ever taken by the inhabitants of Adams concerning it, and no action was ever taken at any meeting of the inhabitants for the purpose of establishing it as a pound; but they had furnished and used no other place as a pound.

We think this was sufficient to justify the defendant's action. The statute requires each city and town to maintain one or more sufficient pounds in such places therein as the city council of the city or the inhabitants of the town direct. Gen. Sts. *c.* 25, § 18. Section 20 requires each city and town annually to appoint a suitable keeper of each pound therein. There is therefore no such office as pound-keeper, except of a pound provided and maintained by the city or town. If the town has furnished and used a pound, and there is no other in the town, the due appointment of the pound-keeper seems to be necessarily a recognition of that pound as the town pound. Undoubtedly the statute contemplates the establishment of the pound as a public place of detention of animals impounded, by some act of the inhabitants of the town in their corporate capacity. The citizens have a right to know where it is, in order to know where to send animals which they may lawfully cause to be impounded, and where to look for animals which field drivers may have taken. The statute imposes a penalty for the neglect to provide or maintain a sufficient pound, and the wilful injury of a town pound is punishable by fine or imprisonment. Gen. Sts. *c.* 25, §§ 18, 19. But if a sufficient pound be furnished and maintained by the town, there is nothing in the statute which requires it to be done by vote in town meeting. The pound may have been granted to the town, and their acceptance of the grant indicated by a use according to the grant, and the appointment of a keeper. In whatever form, or by whatever agency the

result may be effected, the essential fact is that it be furnished and used by the town, and so established and maintained as their pound. *Exceptions sustained.*

*R. W. Adam*, for the defendant.

*F. O. Sayles & A. J. Waterman*, for the plaintiffs, cited *Wooley* v. *Groton*, 2 Cush. 305; Gen. Sts. *c.* 25, § 18.